UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued June 13, 2006
Decided September 6, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 05-3407

| | |
|---|---|
| HONG WEN DONG, <br> *Petitioner,* | On Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A 77-316-790 |
| ALBERTO R. GONZALES, Attorney General of the United States, <br> *Respondent.* | |

## O R D E R

Hong Wen Dong, a Chinese national from Fujian Province, claims political persecution based on the seizure of his family's home some 20 years ago by the village chief when Dong was but two years of age.  Dong applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), but the Immigration Judge denied relief under Sections 208(a) and 241(b)(3) of the Immigration and Nationality Act and Article 3 of the CAT.  Finding that he was not credible, the IJ concluded that Dong was not eligible for asylum within the meaning of 8 U.S.C. § 1101(a)(42), and also relying on the fact that Dong failed to demonstrate that he had suffered past persecution nor did he establish

that he had a well-founded fear of future persecution. The Board of Immigration Appeals summarily affirmed the IJ's determination. Dong petitions for review of that judgment. We conclude that the BIA's decision was adequately supported with substantial evidence, and we deny the petition.

Dong asserts the following facts. He was born in Hujiang Village, Fujian Province in 1984 and claims that in 1986 when he was approximately two years of age, the village chief, a communist party member, saw to it that he and his family were thrown out of their home and occupied it because he "liked our house." Dong asserted in his asylum application that, at the time they seized the house, government officials also "beat [them] badly" and "tortured" him and his family. Dong contends that after the family was forced out of the home, they moved to nearby Zhoushan Island, and following this troublesome episode, his uncle traveled to Beijing to file a complaint seeking to reclaim the home, but never returned. Thereafter Dong's grandmother sued and eventually obtained a court order to have the home returned to the family, but the village chief refused to comply with the order. A subsequent suit to enforce the court order was unsuccessful because, according to Dong, the local government bribed the judge.

In 2002 Dong entered the United States as a stowaway on a container ship that docked in Long Beach Harbor, California, and upon arrival he told immigration officials that he came to the United States to "find a good job," and further that he did not want to return home because his family is poor, and further that he did not fear persecution in China based on any protected ground, including his political opinion. At his hearing before the IJ, he stated that he feared returning to China because he owes money to "local people" and since his family home is occupied. He also asserted that if he returns to China "the Chinese government" will jail him because the village chief who seized his family home is angry that Dong's grandmother filed the lawsuit and is "still looking for" members of the family.

The IJ found Dong not credible because his testimony was vague and non-specific, and he failed to offer any corroborating evidence, resulting in a "woefully deficient" record. But the adverse credibility determination was not the sole basis for the IJ's decision. The IJ also found that Dong had not established past persecution because his "general and meager" testimony fell short of substantiating that the treatment of his family was based on political opinion or any other protected ground. Moreover, the IJ concluded that Dong had not established a well-founded fear of future persecution and his fear of returning to China stemmed not from any political opinion, but rather from a "personal vendetta" by an individual "who happens to be" the village chief and who he believes is angry that Dong's family sued him, combined with Dong's fear of an unpaid debt of $60,000. Thus, the IJ denied Dong's requests for asylum, withholding of removal, and relief under the

Convention Against Torture. The BIA summarily affirmed the IJ's determination in a streamlined decision and order.

If the BIA adopts the IJ's findings without opinion, the IJ's decision becomes that of the BIA for the purposes of judicial review. *Georgis v. Ashcroft*, 328 F.3d 962, 966–67 (7th Cir. 2003). We review the denial of an asylum claim for substantial evidence, and will affirm the IJ's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Liu v. Ashcroft*, 380 F.3d 307, 312 (7th Cir. 2004). We will not grant the petition for review unless the petitioner demonstrates that the evidence not only supports reversal of the IJ's decision but compels it. *Id.*; *Hernandez-Baena v. Gonzales*, 417 F.3d 720, 723 (7th Cir. 2005). To qualify for asylum, a petitioner must establish that he has been persecuted in the past or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); *Liu*, 380 F.3d at 312.

Initially Dong contests the IJ's decision on the narrow basis that it improperly discredited his testimony for lack of corroboration. Specifically, Dong argues that the IJ did not find him incredible, but rather attributed his vague testimony to his youth and apprehension about testifying and therefore, he contends, it was error for the IJ to require corroborative evidence.

Corroboration is not necessary when an applicant's testimony is otherwise credible. *Lin v. Ashcroft*, 385 F.3d 748, 756 (7th Cir. 2004); *see* 8 C.F.R. § 208.13(a).[1] An applicant may rely exclusively on credible but uncorroborated testimony if it is specific, detailed, and convincing. *See Dawoud v. Gonzales*, 424 F.3d 608, 612 (7th Cir. 2005). However, in those cases where the IJ fails to find that the applicant is credible, failure to provide corroborating evidence can doom a claim for relief. *Nigussie v. Ashcroft*, 383 F.3d 531, 536–38 (7th Cir. 2004). An IJ who denies an asylum claim for lack of corroboration must make an express credibility finding, and must also explain why it is reasonable to expect corroboration and why the applicant's reason for not providing it is inadequate. *Diallo v. Gonzales*, 439 F.3d 764, 765–66 (7th Cir. 2006).

In this case where the IJ found Dong not to be credible based on his vagueness and lack of specificity, the IJ was entitled to take into account his utter

---

[1] The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, signed into law on May 11, 2005, allows an IJ to require a credible applicant to provide corroborating evidence in certain circumstances, *id.* § 101(a)(3)(B)(ii); *see Dawoud v. Gonzales*, 424 F.3d 608, 613 (7th Cir. 2005). But the Act does not apply to Dong because he filed his asylum application prior to the Act's enactment. Pub. L. No. 109-13 § 101(h)(2); *see Dawoud*, 424 F.3d at 613.

lack of corroboration in deciding to reject his application. The IJ found Dong's testimony to be "woefully deficient" since it was "general and meager," vague, and lacking of specificity, and because he offered no evidence in support of his assertion that the village chief held a grudge against him. As the IJ noted, Dong gave inconsistent explanations for his fear of returning to China, speculating first that he would be viewed as a traitor, only to state upon questioning at a later date that he owed money on a debt, and later asserting that the village chief would find and punish him. He never did explain why he felt he would be viewed as a traitor by the Chinese government. Because Dong's testimony was vague, inconsistent and speculative, it was reasonable for the IJ to find him not credible and lacking corroboration. Also, Dong's inability to offer a reasonable explanation for the absence of corroborative documentation, despite its apparent availability and the fact that he was given two years to obtain it, further supported the IJ's conclusion that he failed to meet his evidentiary burden.

Dong also challenges the IJ's determination that he failed to establish that he was persecuted on account of his political opinion. He asserts that the confiscation of his family home constituted persecution because the village chief "acted under the color of government authority," and "the system that allowed a government official to arbitrarily take the family's home contradicts [Dong's] view of a fair and just society."

The asylum seeker bears the burden of providing evidence sufficient to establish that he was persecuted. *See Meghani v. INS*, 236 F.3d 843, 846 (7th Cir. 2001). Persecution need not threaten the petitioner's life or freedom and it may include confiscation of property, but non-life-threatening treatment must be sufficiently severe and must rise above the level of mere harassment. *See Capric v. Ashcroft*, 355 F.3d 1075, 1084 (7th Cir. 2004). A political opinion is one that is expressed through political activities or through some form of speech in the political arena. *Li v. Gonzales*, 416 F.3d 681, 685 (7th Cir. 2005). Generalized conditions of corruption in a country are not grounds for asylum based on political opinion. *See Marquez v. INS*, 105 F.3d 374, 385 (7th Cir. 1997).

The IJ determined that Dong failed to provide any specific or detailed evidence that what happened to his family rises or rose to the level of persecution. The only persecution Dong asserts is the seizure of the family home 20 years ago. But his testimony about the seizure itself was vague and non-specific, which is not surprising given the fact that he was two years old when it took place, and he failed to present any evidence other than his own testimony. He also failed to present any evidence that the consequences for him or his family were particularly severe; rather he testified that his family relocated to a nearby island and has remained free of harassment for the past 20 years. In addition, Dong failed to offer any evidence demonstrating that the seizure of the home bore any connection to a

political opinion espoused by him or his family members. Thus, the evidence presented fails to compel a finding that Dong was persecuted on account of his political opinion.

Dong also challenges the IJ's determination that he lacks a well-founded fear of future persecution if returned to China. The IJ justified her decision reasoning that neither the fact that Dong "owes money to people who financed his smuggled trip to the United States" nor "his fear of an angry individual who [he asserts] unlawfully took his family home" some 20 years ago are sufficient to establish a well-founded fear of future persecution based on political opinion or any other protected ground. Dong argues only in general and cursory terms that the past "mistreatment" that he and his family experienced establishes a well-founded fear that the village chief will persecute him if he returns to China.

A petitioner seeking asylum must demonstrate that he is unwilling or unable to return to his home country because of a well-founded fear of persecution based on race, religion, national origin, membership in a particular social group, or political opinion, *Hanaj v. Gonzales*, 446 F.3d 694, 698 (7th Cir. 2006); 8 U.S.C. § 1101(a)(42)(A), and we are aware that if a petitioner has established past persecution, he is entitled to a rebuttable presumption of a well-founded fear of future persecution. *See, e.g., Hernandez-Baena v. Gonzales*, 417 F.3d 720, 722–23 (7th Cir. 2005). However, as in Dong's case, where a petitioner has failed to establish circumstances which rise to the level of past persecution (and possibly only constitute harassment), he does not enjoy a presumption of a well-founded fear of future persecution and faces a much higher burden in demonstrating that he is entitled to asylum. *See id.*

Dong does not address this test and instead erroneously asserts that because he established past persecution he therefore enjoys the benefit of a rebuttable presumption that shifts the burden to the government. But because Dong failed to establish past persecution, the burden does not shift. Even had Dong addressed the test, it is highly unlikely that he could satisfy his burden due to the paucity of factual support for his fear of future persecution. From our review of the record, we are convinced that Dong failed to provide sufficient evidence to substantiate his speculation that the village chief had been looking for him and his family for the past 20 years; furthermore his characterization of the nature of the mistreatment he expects to receive if the village chief found him is wholly vague and lacking in specificity. Dong's generalized and unsupported assertions fell short of fulfilling his burden of demonstrating that he has a well-founded fear of persecution if he is returned to China, much less shifting the burden to the government to prove otherwise. Moreover, to the extent that his fear is based on a personal grudge by the village chief, such a personal dispute cannot give rise to a claim for asylum. *Wang v. Gonzales*, 445 F.3d 993, 998–99 (7th Cir. 2006).

In sum, Dong has failed to adequately refute the IJ's credibility finding, he has not established that he was persecuted on account of his political opinion, and he has not demonstrated a well-founded fear of persecution. Last, because his brief on appeal does not set forth any arguments in support of his claims for withholding of removal and relief under the Convention Against Torture, these claims are waived. *Huang v. Gonzales*, 403 F.3d 945, 951 (7th Cir. 2005).

We DENY the petition for review.